IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 08-cv-00710-LTB-MEH

MICHAEL H. OHLFS,

    Plaintiff,

v.

CHARLES SCHWAB & CO., INC.,

    Defendant.

_____

ORDER
_____

This matter is before me on Motion to Compel Arbitration and to Dismiss with Prejudice Or, In the Alternative, to Stay Proceedings Pending Arbitration [**Doc # 4**] filed by Defendant, Charles Schwab & Co, Inc. ("Charles Schwab"), seeking the dismissal of the Complaint and Demand for Jury Trial filed by Plaintiff, Michael H. Ohlfs ("Ohlfs"). Oral arguments will not materially aid in the resolution of this request. After consideration of the law and the parties' arguments, I GRANT IN PART the motion to compel arbitration and, as such, I STAY these proceedings pending that arbitration.

## I. BACKGROUND:

This complaint was brought by Ohlfs against his employer, Charles Schwab, seeking relief pursuant to the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. §§ 4301, *et seq.* ("USERRA"). Specifically, Ohlfs asserts that Charles Schwab failed to reinstate him to a position of similar status, seniority and pay following his return from active military service, as well as failed to award him the pay raises to which he was entitled during his

approved military leave of absence in violation of 38 U.S.C. § 4312 and § 4313. In response, Charles Schwab filed the motion at issue here seeking dismissal of Ohlfs' complaint on the basis that the parties agreed to arbitrate this dispute. Alternatively, Charles Schwab seeks a stay of these proceedings pending the completion of arbitration. Ohlfs opposes this request and argues that his USERRA claims are not subject to arbitration.

## II. LAW

Charles Schwab first asks that I dismiss the complaint, with prejudice, for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir.1974); *see also Cherry Creek Card & Party Shop, Inc. v. Hallmark Marketing Corp.,* 176 F.Supp.2d 1091, 1094 (D.Colo. 2001).

Alternatively, Charles Schwab seeks a stay of these proceedings, as provided by the Federal Arbitration Act ("FAA") at 9 U.S.C. § 3 and 4, so that the parties may proceed with arbitration. The FAA provides that "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; *see also Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 24, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991). "The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4.

Courts must interpret arbitration clauses liberally, and all doubts must be resolved in favor of arbitration. *Armijo v. Prudential Ins. Co. of America,* 72 F.3d 793, 798 (10th Cir. 1995). Thus, "having made the bargain to arbitrate, the party should be held to it unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth,* 473 U.S. 614, 628, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985). District courts must defer to arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-583, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960).

USERRA was enacted to protect the rights of veterans and members of the uniformed services. *Quick v. Frontier Airlines, Inc.,* 544 F.Supp.2d 1197, 1206 -1207 (D.Colo. 2008). Specifically, USERRA provides as follows:

> An employer may not discriminate in employment against or take any adverse employment action against any person because such person (1) has taken an action to enforce a protection afforded any person under this chapter, (2) has testified or otherwise made a statement in or in connection with any proceeding under this chapter, (3) has assisted or otherwise participated in an investigation under this chapter, or (4) has exercised a right provided for in this chapter. The prohibition in this subsection shall apply with respect to a person regardless of whether that person has performed service in the uniformed services.

38 U.S.C. § 4311(b). "Because of USERRA's compelling purpose, 'it must be broadly construed in favor of its military beneficiaries.'" *Quick v. Frontier Airlines, supra,* 544 F.Supp.2d at 1207 (*quoting Hill v. Michelin N. Am., Inc.,* 252 F.3d 307, 313 (4th Cir. 2001)).

# III. ANALYSIS:

Charles Schwab seeks arbitration pursuant to a Uniform Application for Securities Industry Registration or Transfer ("Form U-4") which Ohlfs voluntarily executed when he registered as a securities broker/advisor. At Paragraph five on page four of Form U-4, it provides in relevant part that: "I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm . . . ". As such, Charles Schwab "elects to divert this case to arbitration."

In opposition to this request, Ohlfs asserts that a claim raised pursuant to USERRA is not subject to arbitration. Ohlfs relies on 38 U.S.C. § 4302(b), which provides that USERRA

> supersedes any State law . . . contract, agreement, policy, plan, practice, or other matter that reduces, limits, or eliminates in any manner any right or benefit provided by this chapter, including the establishment of additional prerequisites to the exercise of any such right or the receipt of any such benefit.

Based on this language, Ohlfs asserts that USERRA preempts any agreement to arbitrate.

The analysis related to whether a statutory employment right is subject to arbitration necessarily starts with the decision in *Gilmer v. Interstate/Johnson Lane Corporation,* 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991), in which the Supreme Court concluded that an age discrimination claim brought pursuant to the Age Discrimination Act of 1967 can be subjected to compulsory arbitration. The Court also held enforceable arbitration agreements relating to claims arising under the Sherman Act, § 10(b) of the Securities Exchange Act of 1934, the civil provisions of the Racketeer Influenced and Corrupt Organizations Act, and § 12(2) of the Securities Act of 1933. *Id.* at 26. "Although all statutory claims may not be appropriate for arbitration, having made the bargain to arbitrate, the party should be held to it unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at

4

issue." *Id.* (*quoting Mitsubishi Motors v. Soler Chrysler-Plymouth*, *supra,* 473 U.S. at 628). The burden is on the party opposing arbitration to show that Congress intended to preclude a waiver of a judicial forum for the particular claim. *Id.*

Thereafter, USERRA became law and District Courts addressing the question at issue here primarily ruled that USERRA claims were not subject to arbitration. *See e.g. Lopez v. Dillard's, Inc.*, 382 F.Supp.2d 1245, 1249 (D.Kan. 2005)(holding that USERRA superseded an arbitration agreement between an employee and employer); *Breletic v. CACI, Inc.-Federal*, 413 F.Supp.2d 1329 (N.D. Ga. 2006)(same).

However, in *Garrett v. Circuit City Stores, Inc.,* 449 F.3d 672 (5th Cir. 2006), the Fifth Circuit reviewed 38 U.S.C. § 4302(b) in the context of an agreement to arbitrate employment grievances, and held that claims brought under USERRA were subject to the parties' agreement to arbitrate. In the opinion, the Fifth Circuit reviewed the various provisions of USERRA, as well as its legislative history, and concluded that "Congress took no specific steps in USERRA, beyond creating and protecting substantive rights, that could preclude arbitration." *Id.* at 678. And while "USERRA provides several means for the resolution of disputes, . . . there is no guarantee of a federal forum for aggrieved employees." *Id.* at 678. The court determined that nothing in § 4302(b) mentions mandatory arbitration or the FAA, notwithstanding the decision in *Gilmer v. Interstate/Johnson Lane, supra,* which was issued three years before the enactment of § 4302(b)." *Id.* at 676. "Congress was presumptively aware of *Gilmer* but chose not to include text exempting USERRA from the policy favoring arbitration." *Id.*

Following the analytical framework set forth in *Gilmer v. Interstate/Johnson Lane, supra,* the *Garrett v. Circuit City* Court also found that because the text of USERRA was unambiguous, it was unnecessary to resort to legislative history. Moreover, the court went on to discount a House Committee Report – which noted Congressional intent to forbid binding arbitration under USERRA – on the basis that there was no comparable report from the Senate, no mention of *Gilmer v. Interstate/ Johnson Lane, supra,* and the totality of the circumstances supported the conclusion that "Congress intended § 4302(b) only to prohibit the limiting of USERRA's substantive rights by union contracts and collective bargaining agreements, and that Congress did not refer to arbitration agreements between an employer and individual employee." *Id.* at 679-80.

Finally, the *Garrett v. Circuit City* court concluded that there is no inherent conflict between arbitration and USERRA's underlying structure and purposes, in that arbitration presents a fair opportunity for a claimant to present and prevail on a claim of a USERRA violation. *Id.* at 680-681.

My research confirms that cases that have reviewed the issue after the ruling in *Garrett v. Circuit City*, have followed its rationale and have ruled that USERRA does not preempt arbitration agreements. *See e.g. Kitts v. Menards, Inc.,* 519 F.Supp.2d 837 (N.D. Ind. 2007); *Ernest v. Lockheed Martin Corp.*, 2008 WL 2958964 (D.Colo. Jul 29, 2008); *Klein v. City of Lansing*, 2007 WL 1521187 (W.D.Mich. May 21, 2007). Just over a month ago, the Sixth Circuit, in *Landis v. Pinnacle Eye Care, LLC,* 537 F.3d 559 (6th Cir. Aug.11, 2008) – after a detailed and extensive review of *Garrett v. Circuit City* – ruled that USERRA claims are arbitrable.

6

Ohlfs attempts to discredit *Garrett v. Circuit City* – as well as the line of cases and the trend to follow it – on the basis that it did not properly analyze the legislative history; he specifically refers me to the House Committee Report that indicates that the House intended for arbitration decisions related to USERRA claims "not be binding as a matter of law,"and the Department of Labor regulations which although not mentioning the arbitrability of USERRA claims, indicate in the preamble that § 4302(b) "includes a prohibition against the waiver in an arbitration agreement of an employee's right to bring a USERRA suit in federal court." *See* H.R. Rep. No. 103-65, Pt. 1 at 20, as reprinted in 1994 U.S.C.C.A.N. 2449, 2453; and 70 Fed.Reg. 75,246, 75,257 (Dec. 19, 2005). However, in light of the doctrine that legislative history should rarely be used in statutory interpretation, as well as its minimal nature and the totality of the circumstances, I agree that the legislative history relied upon here "hardly proves Congress's intention toward all cases involving arbitration." *Garrett v. Circuit City, supra*, 449 F.3d at 679 (concluding that the Hose Committee Report "strongly suggests that Congress intended § 4302(b) only to prohibit the limiting of USERRA's substantive rights by union contracts and collective bargaining agreements").

In addition, to the extent that Ohlfs relies on district court cases that have held that § 4302(b) superseded an arbitration agreement between an employee and employer as to USERRA claims – *see e.g. Lopez v. Dillard's, supra,* and *Breletic v. CACI, Inc.-Federal*, *supra* – this is no longer the current state of the law as discussed above.

After weighing the conflicting concerns of broadly construing USERRA in favor of its military beneficiaries, with the requirement to resolve all doubts in favor of arbitration, I conclude that Ohlfs has failed to meet his burden of "proving Congress' intent to preclude

waiver of a jurisdictional forum for USERRA claims." *Kitts v. Menards, supra,* 519 F.Supp.2d at 842 -843 (citing *Gilmer v. Interstate/Johnson Lane, supra,* 500 U.S. at 26). Rather, I am persuaded by and agree with the *Garrett v. Circuit City* Court that 38 U.S.C. § 4302(b) provides only that the substantive rights granted by USERRA should not be diminished by contractual agreements, and the "[e]nforcement of employment arbitration agreements does not disserve or impair the protections guaranteed by USERRA." *Garrett v. Circuit City, supra,* 449 F.3d at 681.

Because Ohlfs does not otherwise challenge the validity of the arbitration agreement, I conclude that his USERRA claims must be arbitrated pursuant to the mandate of the FAA. Therefore, I conclude that this matter is stayed pending arbitration under 9 U.S.C. § 3-4. As a result, because I am not deciding this case pursuant to Fed. R. Civ. P. 12(b)(6), I decline as unnecessary Ohlfs' request to convert this motion to a motion for summary judgment or motion to dismiss for failure to state a claim as discussed in *Wheeler v. Hurdman,* 825 F.2d 257, 259 (10th Cir. 1987).

ACCORDINGLY, the Motion to Compel Arbitration and to Dismiss with Prejudice Or, In the Alternative, to Stay Proceedings Pending Arbitration [**Doc # 4**] filed by Defendant is GRANTED IN PART AND DENIED IN PART as follows:

1) IT IS ORDERED that this case is STAYED and the parties shall proceed with arbitration in accordance with the arbitration agreement; and

2) IT IS FURTHER ORDERED that this case should be administratively closed, pursuant to D.C.COLO.LCivR 41.2, with leave to be reopened for good cause shown. If no action is taken to reopen this case before October 1, 2009, the case will be dismissed without prejudice without any further notice to either party.

Dated: September __25__, 2008, in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE