IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Case No. 08-cv-00710-LTB

MICHAEL H. OHLFS,

      Plaintiff,

v.

CHARLES SCHWAB & CO., INC.,

      Defendant.

_____

ORDER
_____

This case is before me on Plaintiff's Motion to Tax the Defendant With the Fees and Costs of Arbitration [Doc # 23]. After consideration of the motion and all related pleadings, I deny the motion for the reasons set forth below.

## I. Background

In this case, Plaintiff seeks relief under the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301, *et seq.,* ("USERRA") which prohibits employment discrimination against military personnel deployed for active duty. By Order dated September 25, 2008 [Doc # 12], I stayed the case and ordered the parties to arbitrate Plaintiff's claims pursuant to an arbitration agreement Plaintiff executed when he registered as a securities broker. I further ordered that the case be administratively closed with leave to be reopened for good cause shown. The case was reopened on November 12, 2009 as a result of the parties' dispute regarding their respective responsibilities for payment of the arbitration fees. The parties have now briefed this issue as ordered by the Court.

## II. Analysis

As a preliminary matter, I reject Defendant's argument that Plaintiff's motion should be denied as untimely. Although Plaintiff's motion was filed one day after the filing deadline, I am satisfied that Plaintiff made a good faith attempt to timely file the motion. Defendant has also failed to identify any prejudice to it by the one-day delay in the filing of the motion.

Turning to the substance of the motion, Plaintiff argues that USERRA and related regulations preclude any arbitration fees or costs being taxed against him. *See* 20 C.F.R. § 1002.310 ("No fees or court costs may be charged or taxed against an individual if he or she is claiming rights under [USERRA]"). Defendant concedes that USERRA generally precludes the taxing of fees and court costs against a plaintiff, but argues that it does not follow that the defendant must pay these costs or that the defendant must pay all costs "associated" with the arbitration. Defendant further argues that Plaintiff must wait until the arbitration is completed to seek reimbursement of "associated" costs such as those relating to discovery. *See* 20 C.F.R. § 1002.310 ("If the individual ... prevails, the court may award reasonable attorney fees, expert witness fees, and other litigation expenses"). Defendant also asserts that under the governing rules of the Financial Industry Regulatory Authority ("FINRA"), Plaintiff is not obligated to pay an $1,800 filing fee or half of the arbitration hearing session fees.

In his reply, Plaintiff clarifies that he is only asking me to rule on the parties' responsibility for payment of "arbitration hearing session fees" and not discovery and other costs. Thus, I will limit my analysis to the $1,800 filing fee and the arbitration hearing session fees, which it appears will run from $450 to $1,200 per hearing session in this case. First, with respect to the filing fee, it is apparent that Plaintiff is, at most, obligated to pay $200 and can

seek to have the remaining $1,600 that he paid refunded.  *See* FINRA Rule 13802(d)(1)(A) & Miller Declaration.  Furthermore, Plaintiff can seek to have the $200 filing fee waived for financial hardship pursuant to FINRA Rule 13900(a)(1).  If this fee is not waived, Defendant has offered to pay it though it is unclear if that offer remains valid following the filing of the present motion.  In any event, I agree that it would be premature for me to rule on the filing fee issue which may turn out to be moot in whole or in part.  With respect to the arbitration hearing session fees, it is equally apparent that all of these fees are to be charged to Defendant under FINRA's rules.  *See* FINRA Rule 13802(d)(1)(b) (in statutory employment discrimination case, FINRA member shall pay all fees but $200 filing fee including hearing session fees under FINRA Rule13902). Although Plaintiff asserts that the issues raised by his motion are not dependent on FINRA's rules, these rules make it unnecessary for me to rule at this time on what appears to be a matter of first impression.

Nothing in this Order shall preclude Plaintiff from filing another motion regarding payment of FINRA's filing fee or hearing session fees if he is ultimately held responsible for the same.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Tax the Defendant With the Fees and Costs of Arbitration [Doc # 23] is DENIED WITHOUT PREJUDICE.

Dated: February   26  , 2010 in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE